IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Case No. 10-55500 (SPS) |
| H.H. Holmes Testing Laboratories, | ) | |
| Inc.,[1] | ) | Judge Susan Pierson Sonderby |
| | ) | |
| | ) | Hearing Date: March 6, 2012 |
| Debtor. | ) | Hearing Time: 10:00 a.m. |
| | ) | |

**COVER SHEET FOR FINAL APPLICATION OF
SILVERMAN CONSULTING AS FINANCIAL ADVISORS TO
THE DEBTORS FOR ALLOWANCE OF COMPENSATION AND
REIMBURSEMENT OF EXPENSES FOR THE PERIOD
DECEMBER 17, 2010 THROUGH DECEMBER 21, 2011**

Name of Applicant:                         Silverman Consulting

Authorized to provide
Professional Services to:                  H.H. Holmes Testing Laboratories, Inc. and
                                           Nelson Leasing, Debtors

Date of Retention:                         February 8, 2011 effective December 16, 2010

Period for which Compensation
and Reimbursement is Sought:               December 12, 2010 through December 21, 2011

Amount of Compensation Sought
as Actual, Reasonable and Necessary:       $149,401.00

Amount of Expense Reimbursement Sought
As Actual, Reasonable and Necessary:       $0.00

This is an:  Interim Application _____      Final Application ___√___

If this is *not* the first application filed herein by this professional, disclose as to all prior fee
applications:

---

[1]   The last four digits of H.H. Holmes Testing Laboratories, Inc.'s federal tax identification number are 9722.
The last four digits of former debtor Nelson Leasing's federal tax identification number are 0745.

00002813.DOCX v-2

| Date Filed | Period Covered | Total Requested (Fees Only) | Total Allowed | Fees and Expenses Previously Paid |
|---|---|---|---|---|
| March 2, 2011 | December 17, 2010 through February 15, 2011 | $18,358.00 | $18,358.00 | $18,358.00 |
| July 22, 2011 | February 16, 2011 through May 31, 2011 | $81,532.00 | $74,835.00 | $0.00 |

Dated: February 14, 2012

By: /s/ Steven A. Nerger
    Steven A. Nerger

Steven A. Nerger
Partner
Silverman Consulting
5750 Old Orchard Road
Skokie, Illinois 60077-1061

## SUMMARY SHEET

## SILVERMAN CONSULTING

## NAMES OF PROFESSIONALS/PARAPROFESSIONALS

## SUMMARY OF HOURS EXPENDED AND FEES INCURRED

| CONSULTANTS | HOURS | RATE | AMOUNT |
|---|---|---|---|
| Steven A. Nerger, Partner | 164.5 | $380.00 | $62,510 |
| Cezary Turek, Associate | 425.4 | $220.00 | $93,588 |
| **TOTAL** | **589.9** | | **$156,098[2]** |

---

[2] Total amount does not include amounts disallowed in connection with Silverman's Second Interim Application for Compensation.

00002813.DOCX V-2

3

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Case No. 10-55500 (SPS) |
| H.H. Holmes Testing Laboratories, Inc.,[1] | ) | |
| | ) | Judge Susan Pierson Sonderby |
| | ) | |
| | ) | Hearing Date: March 6, 2012 |
| Debtor. | ) | Hearing Time: 10:00 a.m. |
| | ) | |

**FINAL APPLICATION OF SILVERMAN CONSULTING AS FINANCIAL ADVISORS TO THE DEBTORS FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD DECEMBER 17, 2010 THROUGH DECEMBER 21, 2011**

Silverman Consulting ("Silverman" or "Applicant"), as financial advisor to H.H. Holmes Testing Laboratories, Inc. ("Holmes Laboratories") and Nelson Leasing, the Debtors and Debtors in Possession (collectively, the "Debtors"), pursuant to sections 330 and 331 of title 11 of the United States Code ("Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and Rule 5082-1 of the Local Bankruptcy Rules, submits this Final Fee Application for Allowance and Payment of Compensation ("Final Application" or "this Application") for the Period from December 17, 2010 through December 21, 2011 (the "Final Application Period"), and respectfully represents as follows:

## INTRODUCTION

1.  By this Application, Silverman seeks final allowance and payment of compensation for professional services rendered as financial advisors to the Debtors during the Final Application Period in the amount of $149,401. Silverman further seeks allowance and payment, on a final basis, of compensation for professional services rendered as financial

---

[1] The last four digits of H.H. Holmes Testing Laboratories, Inc.'s federal tax identification number are 9722. The last four digits of former debtor Nelson Leasing's federal tax identification number are 0745.

00002809.DOC V-2

advisors to the Debtors for the period from June 1, 2011 through December 21, 2011 (the "Third Interim Application Period") in the amount of $56,208, representing Silverman's time for professional services. In the aggregate, Silverman seeks final allowance and payment of compensation for professional services rendered as financial advisors to the Debtors during the Final Application Period in the amount of $149,401, which includes compensation for professional services rendered during the First Interim Application Period in the amount of $18,358, the Second Interim Application Period in the amount of $74,835, and the Third Interim Application Period in the amount of $56,208.

2. This Final Application is submitted pursuant to the Bankruptcy Code Sections 330 and 331, Bankruptcy Rule 2016, Local Rule 5082-1, and the Court's authority given in open Court [Docket Nos. 18 and 79].

## JURISDICTION AND VENUE

3. This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. This Application is a core proceeding pursuant to 28 U.S.C. § 157(b). The statutory predicates for the relief requested in this Application are Bankruptcy Code sections 330 and 331 and Bankruptcy Rule 2016(a).

## RELEVANT BACKGROUND

4. On December 16, 2010 ("Petition Date"), Debtors commenced these chapter 11 cases by filing voluntary petitions under chapter 11 of the Bankruptcy Code ("Chapter 11 Cases"). The Debtors remained in possession of their assets and operated their businesses as debtors in possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code until December 28, 2011.

5. On December 28, 2011, the Court entered orders dismissing the Nelson Leasing chapter 11 case and converting the Holmes Laboratories case to chapter 7. David P. Leibowitz was subsequently appointed interim chapter 7 trustee. Mr. Leibowitz has applied for the retention of Lakelaw as his counsel.

6. On December 22, 2010, the Debtors filed an application to retain and employ Silverman as their financial advisors [Docket No. 30], which application was granted effective as of the Petition Date by an order of this Court dated February 8, 2011 [Docket No. 86].

7. This is Silverman's Final Application. Silverman filed its First Interim Application [Docket No. 100] on March 2, 2011. The First Interim Application sought an award of compensation for financial advisory services rendered in the amount of $18,358 for the period December 17, 2010 through February 15, 2011. The First Interim Application did not seek any reimbursement of expenses. On March 30, 2011, the Court entered its Order Granting the First Interim Application [Docket No. 113]. Silverman subsequently received, on an interim basis, payment of the $18,358. Silverman filed its Second Interim Application [Docket No. 159] on July 22, 2011. The Second Interim Application sought an award of compensation for financial advisory services rendered in the amount of $81,532 for the period February 16, 2011 through May 31, 2011[2]. The Second Interim Application did not seek any reimbursement of expenses. On August 19, 2011, the Court entered its Order Granting the Second Interim Application [Docket No. 165]. The Court reduced Silverman's request for allowance of fees to $74,835. Silverman did not receive any actual payment of the compensation allowed pursuant to the Order Granting the Second Interim Application.

---

[2] Silverman Consulting, having requested interim compensation for the Second Interim Application Period in the amount of $81,532.00, was allowed interim compensation and payment as financial advisors to the Debtors in the amount of $74,835.00 for professional services performed from February 16, 2011 through May 31, 2011 based on an agreed reduction of its fees by $6,697.00.

00002809.DOC v-2                                        3

8. By this Final Application, Silverman seeks final allowance and payment of compensation for professional services rendered as financial advisors to the Debtors during the Third Interim Application Period in the amount of $56,208, representing Silverman's time for professional services. In the aggregate, Silverman seeks final allowance and payment of compensation for professional services rendered as financial advisors to the Debtors during the Final Application Period in the amount of $149,401, representing Silverman's time for professional services during the First and Second Interim Application Periods, as well as the Third Interim Application Period. The request for final allowance and payment does not include the $6,697 in fees disallowed by the Court in connection with Silverman's Second Interim Application.

9. Because the Debtors have no funds to pay Silverman, any recovery would be limited to a pro rata portion of the carve out fund from the cash collateral of CenTrust Bank, N.A. ("CenTrust") established under paragraph 9(f) of the Court's Order Authorizing (A) the Sale of Assets Free and Clear of All Liens, Claims, Interests, and Other Encumbrances and (B) Granting Related Relief [Docket No. 207] ("Holmes Testing Sale Order") (the "Carve Out Fund"). Accordingly, Silverman requests inclusion of language in any order approving this Final Application directing that CenTrust pay Silverman its pro rata share of the Carve Out Fund based on the procedures described in the Holmes Testing Sale Order.

## NARRATIVE SUMMARY OF SERVICES RENDERED

10. Silverman maintains written records of the time expended by its professionals and paraprofessionals in the rendition of their services to the Debtors. Such time records were made contemporaneously with the rendition of services by the person performing such services and in the ordinary course of Silverman's practice, and are presented in a form that is in compliance

with the Local Bankruptcy Rules. A compilation, including Silverman's detailed time records as required by Bankruptcy Rule 2016(a) and Local Rule 5082-1(C), showing the name of the professionals, the date on which the services were performed, a description of the services rendered, and the amount of time spent in performing the services during the First Interim Application Period is attached as Exhibit A to the First Interim Application. A schedule of the hours expended by the professionals and paraprofessionals during the First Interim Application Period, their normal hourly rates, and the value of their services is attached as Exhibit B to the First Interim Application.

11. A compilation, including Silverman's detailed time records as required by Bankruptcy Rule 2016(a) and Local Rule 5082-1(C), showing the name of the professionals or paraprofessional, the date on which the services were performed, a description of the services rendered, and the amount of time spent in performing the services during the Second Interim Application Period is attached as Exhibit C to the Second Interim Application. The summary of hours billed in each of the five general categories and various subcategories into which Silverman organized its time during the Second Interim Application Period is set forth in Exhibit A to the Second Interim Application. The summary of the dollar amounts Silverman billed in each of the foregoing categories and subcategories during the Second Interim Application Period is set forth in Exhibit B to the Second Interim Application.

12. A compilation, including Silverman's detailed time records as required by Bankruptcy Rule 2016(a) and Local Rule 5082-1(C), showing the name of the professionals or paraprofessional, the date on which the services were performed, a description of the services rendered, and the amount of time spent in performing the services during the Third Application Period is attached hereto as Exhibit C. Attached hereto as Exhibit A is a summary of hours

billed during the Third Interim Application Period in each of the five general categories and various subcategories into which Silverman organizes its time. Attached hereto as Exhibit B is a summary of the dollar amounts Silverman billed in each of the foregoing categories and subcategories during the Third Interim Application Period.

13. Silverman also maintains records of all actual and necessary out-of-pocket expenses incurred in connection with the rendition of professional services. As was true with respect to the First and Second Interim Applications, Silverman does not seek reimbursement of any expenses it may have incurred during the Third Interim Application Period.

14. Silverman respectfully submits that the professional services that it rendered on behalf of the Debtors were necessary and appropriate, and have directly contributed to the effective administration of these cases. Two Silverman employees (Steven Nerger and Cezary Turek), performed all the consulting services rendered during the Final Application Period. Their respective hourly billing rates are $380 and $220. Given their experience level and high level of competence, these rates compare favorably with rates charged by other financial consulting and advisory firms.

15. A summary of the services rendered during each of the First and Second Interim Application Periods is set forth in the First and Second Interim Applications, respectively.

16. The following summary of services rendered during the Third Interim Application Period is not intended to be a detailed description of the work performed, as those day-to-day services and the time expended in performing such services are fully set forth in Exhibit A hereto. Rather, it highlights the tasks which the Debtors or their counsel asked Silverman to perform.

(a) <u>Business Operations</u>. Review all budget versus actual cash flow results for various weekly periods; review monthly operating reports filed by the Debtors; prepare financials for presentation to potential purchasers and other interested parties; and work with Debtor H.H. Holmes Testing Laboratories, Inc. ("Holmes Laboratories") on the collection of receivables.

(b) <u>Business Analysis and Reports.</u> Due to the unfortunate death of Mr. Cavazos, who had been working towards becoming the stalking horse buyer of the business of Homes Laboratories, a significant change in strategy became necessary. As a result, it became necessary for Silverman to participate in numerous strategy meetings with management and bankruptcy counsel for purposes of developing either a new bankruptcy exit plan or a structure for the sale of the Debtor as an ongoing enterprise. Either of these strategies would increase recoveries for all stakeholders when compared with a straight liquidation. In furtherance of these alternatives, Silverman prepared new cash flow and financial projections covering 2011 and assisted in the presentation of that information to the Debtors' primary secured lender, CenTrust. Silverman participated in negotiations with potential purchasers and advised the Debtors on the terms of potential sales. Silverman also prepared and revised weekly cash flow reports to determine near term liquidity needs.

(c) <u>Meetings and Communications with Creditors</u>. Silverman personnel met on several occasions with the principal of the Debtors, the Debtors' bankruptcy counsel and representatives of CenTrust to discuss various debt restructuring proposals and possible sale alternatives.

(d) <u>Marketing and Sale of Assets.</u> Silverman has analyzed and provided feedback to the Debtors regarding the various sale transactions, including the sale of the majority of the business of Holmes Laboratories to Holmes Testing, Inc. and the sale of Holmes Laboratories assets located in Richardson, Texas to a separate purchaser, D&S Engineering Labs PLLC.

(e) <u>Case Administration.</u> Silverman partner Steven Nerger reviewed the monthly operating reports filed by the Debtors. Mr. Nerger also worked on this Final Application. Work done by Silverman on the Final Application with respect to the Third Interim Application Period amounted approximately 6.1 percent of the fees requested during the Third Interim Application Period.

17. Pursuant to Local Rule 5082-1(B) (2), Silverman requests that the fees reflected in this Application be allowed and paid in accordance with the provisions of the Holmes Testing Sale Order.

## ALLOWANCE OF COMPENSATION

18. The professional services rendered by Silverman required a high degree of professional competence and expertise so that numerous issues regarding cash flow projections, continued operation of the Debtors' businesses, strategic discussions concerning a revised plan of reorganization and liquidity issues could be properly addressed. It is respectfully submitted that the services rendered to the Debtors by Silverman were performed efficiently, effectively and economically, and the results obtained to date have benefited not only the Debtors, but also the creditors of the Debtors' estates.

19. With respect to the level of compensation, 11 U.S.C. § 330(a) (1) (A) provides, in pertinent part, that the Court may award to a professional person "reasonable compensation for

actual, necessary services rendered." Section 330(a)(3) provides that the court is to consider a variety of factors in determining the reasonable compensation to be awarded, including the time spent and rates charged for services; whether the services were necessary to the administration of the case; whether the services were performed in a reasonable amount of time given the nature of the tasks addressed; and whether the compensation is reasonable based on the customary compensation charged by similarly qualified practitioners in non-bankruptcy matters. Another factor that the Court should consider is the risk of non-payment. In these Cases the risk of non-payment has proved to be substantial, as it is highly unlikely that Silverman will receive more than 20% of any fees approved by this Court on a final basis.

20. The total time spent by Silverman professionals and paraprofessionals during the Third Interim Application Period was 204.00 hours, for a total of $56,208 in fees. The total time spent by Silverman professionals and paraprofessionals during the Final Application Period was 589.9 hours, for a total of $156,098 in fees requested. Taking into account the deduction in Silverman's fees arising from the Court's ruling on the firm's second interim application, the total final fee award requested is $149,401. Silverman carefully assigned the work done to the appropriate professional based on the level of experience and expertise required for a particular task.

21. As shown by this Application and the supporting exhibits, as well as the First and Second Interim Applications and their supporting exhibits, Silverman spent its time economically and without unnecessary duplication.

22. In addition to the other exhibits attached hereto, attached as Exhibit D hereto is the affidavit of Steven A. Nerger attesting to the accuracy of the information set forth in this Application and Exhibits A, B and C.

23. A proposed order is submitted herewith.

**WHEREFORE**, Silverman respectfully requests that this Court enter an order:

    (a) allowing on a final basis compensation of $149,401 for professional services rendered during the Final Application Period;

    (b) directing CenTrust to pay Silverman a pro rata share of its fees and expenses from the Carve Out Fund in accordance with the provisions of paragraph 9(f) of the Holmes Testing Sale Order; and

    (c) granting such other and further relief as the Court deems appropriate.

Dated: February 14, 2012

By: /s/ Steven A. Nerger
Steven A. Nerger

Steven A. Nerger
Partner
Silverman Consulting
5750 Old Orchard Road
Skokie, Illinois 60077-1061