UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 10 B 55500 |
| | ) | |
| H.H. HOLMES TESTING LABORATORIES, INC. | ) ) | Hon. Timothy A. Barnes |
| | ) | Chapter 7 |
| Debtor. | ) | |

**SECOND AND FINAL APPLICATION OF LOIS WEST AND POPOWCER KATTEN, LTD., AS ACCOUNTANTS TO THE TRUSTEE, FOR COMPENSATION**

David P. Leibowitz ("Trustee"), the Chapter 7 Trustee for the estate of H.H. Holmes Testing Laboratories, Inc. ("Debtor"), on behalf of Lois West and Popowcer Katten, Ltd., (collectively, "Popowcer"), accountants for the Trustee, hereby respectfully submits the second and final application seeking an order allowing compensation to Popowcer in the amount of $23,008 for 105.8 hours of professional services rendered on behalf of the Trustee for the period beginning May 5, 2012 through and including November 30, 2013 ("Application Period") and making the previous interim award of $4,000 final, for total final compensation of $27,008. Popowcer's services were beneficial to the bankruptcy estate and are compensable pursuant to § 330(a) of the Bankruptcy Code and in accordance with Bankruptcy Rules 2016(a) and Local Bankruptcy Rule 5082-1. In support of this Application, the Trustee states as follows:

**I.     BACKGROUND & JURISDICTION**

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant, *inter alia*, to 28 U.S.C. § 157(b)(2)(A) and (O).

2. By Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois, the District Court has referred all bankruptcy cases to the Bankruptcy Court for initial determination, as permitted by 28 U.S.C. § 157(a).

3. H.H. Holmes Testing Laboratories, Inc. filed a voluntary petition under chapter 11 of the Bankruptcy Code on December 16, 2010. The case was converted to a case under chapter 7 of the Bankruptcy Code on December 28, 2011.

4. David P. Leibowitz is the duly appointed, qualified, and acting chapter 7 trustee in this case.

## II.    RETENTION OF POPOWCER

5. On April 10, 2012, this Court entered an order approving the retention of Popowcer to render accounting services to the Trustee in this case.

## III.    SUMMARY AND DESCRIPTION OF SERVICES

6. During the Application Period, Popowcer rendered 105.8 hours of professional services to the Trustee, having an aggregate value of $23,008, for an average hourly rate of $217.47. All of the services for which compensation is requested were services that, in Popowcer's billing judgment, were necessarily rendered after due consideration of the expected costs and anticipated benefits of such services.

7. Popowcer performed a review of various accounting records, bank statements, and other financial documents to prepare a preference analysis for the Trustee. The time records attached to this fee application as Exhibit A include a description of the services rendered, the timekeeper, date, amount of time expended, billable rate, and resulting amount charged.

8. In evaluating this Application, the Court should consider, *inter alia*, the nature and complexity of the issues presented, the skill required to perform the services, the customary fees charged by other professionals in these and similar cases, the experience and ability of the

professionals involved, and the amount of awards of compensation in similar cases, all of which support an award of the requested compensation in full.

9. The hourly rates charged by Popowcer compare favorably with the rates charged by other Chicago metropolitan firms having professionals with similar experience and expertise, and the amount of time spent by Popowcer is reasonable.

10. Accordingly, given the criteria set forth in 11 U.S.C. § 330, namely: (i) the nature, extent and value of the services; (ii) the time spent; (iii) the rates charged for such services; (iv) the performance of the services within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and (v) the reasonableness of the services based on the compensation charged by comparably skilled practitioners in other bankruptcy and non-bankruptcy matters, the Trustee respectfully submits that the requested final compensation represents a fair and reasonable amount that should be allowed to Popowcer in full.

11. Popowcer was previously awarded interim compensation in the amount of $4,000 for tax services, by order dated July 6, 2016, as amended by order dated July 26, 2016. By this Application, the Trustee requests that that award be made final, together with the amount awarded on this Application.

### IV.    COMPLIANCE WITH 11 U.S.C. § 504

12. Other than as provided for and allowed by 11 U.S.C. § 504, there is no agreement between Popowcer and any other firm, person or entity for the sharing or division of any compensation paid or payable to Popowcer.

### VI.    NOTICE

12. At least twenty-one (21) days' notice of this Application has been provided to Debtor, the Office of the United States Trustee, all creditors who filed claims against this estate,

and to all parties who have previously requested notice of pleadings and proceedings herein. In light of the nature of the relief requested, the Trustee requests that the Court find the notice provided for herein sufficient under the circumstances and waive and dispense with any further notice requirements.

**WHEREFORE**, the Trustee respectfully requests entry of an order:

A) Allowing Popowcer compensation in the amount of $23,008 for services rendered on behalf of the Trustee for the period beginning May 5, 2012 through and including November 30, 2013;

B) Making the previous interim award of an additional $4,000 final, for a total final compensation award of $27,008;

C) Finding that due and adequate notice has been given; and

D) Granting such other and further relief as may be equitable in the circumstances.

Respectfully Submitted,

Dated: May 23, 2017

David P. Leibowitz, as Chapter 7 Trustee for the Estate of H.H. Holmes Testing Laboratories, Inc.

By: _/s/ David P. Leibowitz_
Chapter 7 Trustee

David P. Leibowitz (ARDC # 1612271)
Lakelaw
53 West Jackson Boulevard, Suite 1610
Chicago, Illinois 60604
847.249.9100